Eric Edward Nord
Harlan B. Krogh
Crist, Krogh & Nord, LLC
2708 First Avenue North, Suite 300
Billings, MT 59101
enord@cristlaw.com
hkrogh@cristlaw.com

Nancy K. Tordai
Peters & Nye LLP
14 Executive Court, Suite 2
South Barrington, Illinois 60010
nancytordai@petersnye.com

*Attorneys for Defendant,*
*The Cincinnati Insurance Company*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br>EDRA D. BLIXSETH,<br>     Debtor. | No. 09-60452-7 |
| RICHARD SAMSON and ROSS P.<br>RICHARDSON<br>     Plaintiffs,<br><br>v.<br><br>CINCINNATI INSURANCE COMPANY,<br>     Defendant. | Adversary No. 11-00014-RBK |

**MOTION IN *LIMINE* OF THE CINCINNATI INSURANCE COMPANY TO PRECLUDE EVIDENCE OF ATTORNEYS' FEES DAMAGES and MOTION TO STRIKE EXHIBIT A TO SAMSON'S RESPONSE TO CINCINNATI'S MOTION FOR SUMMARY JUDGMENT (DOCT. 106-1)**

**AND BRIEF IN SUPPORT**

The Defendant, Cincinnati Insurance Company, by and through counsel, moves this Court for the entry of an Order striking Exhibit A (Doct. 106-1) which was attached to Plaintiff Samson's response to Cincinnati's Motion for Summary Judgment and all argument regarding Exhibit A; moves *in limine* prohibiting Plaintiffs and their counsel from making any statements or suggestion, arguing, making any reference to, introducing any evidence, or eliciting any testimony, directly or indirectly, through innuendo or implication or otherwise, regarding or relating to attorneys' fees and costs allegedly incurred by plaintiff Samson in defense of Proof of Claim 46, including fee statements not produced in discovery prior to the September 16, 2011 discovery deadline; moves *in limine* precluding the introduction of evidence with respect to Plaintiff Richardson's attorney fee claim or any testimony regarding Richardson's attorney fee damage claim. Defendant further moves for an Order *in limine* requiring Plaintiffs' counsel to advise each of the Plaintiffs' witnesses of the Order *in limine* prior to testifying at trial.

The grounds for this Motion are set forth below but, in essence, as follows: 1) Plaintiff Samson has repeatedly represented to Cincinnati and stipulated through his counsel that he is not seeking attorneys' fees and should now be barred from claiming them; 2) Plaintiff Richardson, despite repeated requests to do so, has failed and refused to specify the attorneys' fees he is seeking in this matter and seeks the recovery of attorneys fees that are not recoverable as a matter of law rendering this evidence inadmissible under Federal Rules of Evidence (FRE) Rules 401, 402, 403 as it is not relevant and its admission would be unduly prejudicial and wasteful of this Court's time; and, 3) Attorney Cotner has recently filed attorney fee statements with the Court (Doc # 1094) even though he refused to give such information to Cincinnati in discovery.

For these reasons, as well as those set forth below, the Court should grant Cincinnati's Motion and Strike Doct. 106-1; preclude the introduction of Doct. 106-1 into evidence; preclude

2

the introduction into evidence, testimony and argument relating to attorneys' fees and costs allegedly incurred by plaintiff Samson in defense of Proof of Claim 46 or that Samson incurred attorneys' fees and costs in defense of Proof of Claim 46 or sustained any damage in that respect; preclude the introduction into evidence, testimony regarding and argument regarding the attorney fee statements (Doc # 1094) with respect to fees and costs alleged to have been incurred in defense of Proof of Claim 46; preclude the introduction into evidence or any argument with respect to any claim for the recovery of attorney fees alleged to have been incurred by Richardson.

## I. BACKGROUND

On May 5, 2011 this Court entered a Scheduling Order with respect to discovery in this litigation, which provided that fact discovery would close on September 16, 2011. Through discovery, Cincinnati has attempted to determine the amount of damages Plaintiffs are seeking including their allegation that they are entitled to attorneys' fees. Until last week, Plaintiff Samson has been very clear that he was not seeking attorneys' fees for the defense of Proof of Claim 46, but rather that he was only seeking the attorneys' fees and costs he has incurred in this adversary proceeding, and his counsel stipulated to this fact. See Deposition of Richard Samson, attached as Exhibit "A" at pp. 174-176. Specifically, he said, "You're not going to get invoices showing additional fees incurred prior to that date [the date the adversary proceeding against Cincinnati was filed]." Id. at 175. In his interrogatory answers, Samson admits that he incurred no defense costs in defense of POC 46. See Samson's Supplemental Answers to Interrogatory 6, Ex. "B" hereto. Yet, on October 21, 2011, long after the close of discovery, Plaintiff Samson suddenly announced through supplemental discovery responses that he is actually seeking

3

attorneys' fees and costs allegedly incurred in defense of Proof of Claim 46. See Response to Interrogatory No. 3 and Request for Production No. 35, collectively attached as Exhibit "B."

For his part, Plaintiff Richardson has claimed attorneys' fees and costs but has not specified those fees for Cincinnati as they relate to this matter. Instead, Plaintiff Richardson has only referred Cincinnati to his past fee applications and directed Cincinnati to decipher them. See Response to Request for Production No. 62 attached hereto as Exhibit "C." While Cincinnati has requested specific information regarding the amount and nature of the attorneys' fees that Plaintiff Richardson seeks to recover in this matter, he has failed and refused to provide that information. Id.; see also Responses to Interrogatories 19 and 20 attached collectively as Exhibit "D." Furthermore, in recent filings with this Court in Edra Blixseth's bankruptcy case, Plaintiff Samson has filed fee statements with the Court (Doc. # 1094) even though he failed to provide that information in discovery to Cincinnati so that Cincinnati may cross-examine him on that. In addition, Richardson seeks the recovery of attorneys' fees and costs that are not recoverable as a matter of law.

Cincinnati now seeks an order in *limine* precluding Plaintiffs Samson and Richardson from introducing evidence on attorneys' fee damages not properly disclosed before the discovery deadline including.

## II. LEGAL DISCUSSION

**A.     The legal standard for *limine* motions.**

Motions *in limine* are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. BNSF Ry. Co. v. Quad City Testing Laboratory, Inc., 2010 WL 3866726*1 (D.Mont. Sep 27, 2010). This device enables the court to rule in advance of trial on the relevance of certain forecasted evidence. U.S. v. VanPutten, 2005 WL 612723*3 (S.D.N.Y.

4

2005) citing Luce v. United States, 469 U.S. 38, 41 n. 4 (1984) (citations omitted); Starling v.

Union Pacific Railroad Company, 203 F.R.D. 468, 482 (D. Kan. 2001) quoting First Savings

Bank v. U.S. Bank Corp., 117 F.Supp.2d 1078 (D. Kan. 2000) (citations omitted).

**B.      Discovery produced after the Court's deadline should be precluded from evidence and Doct. 106-1 should be stricken.**

### 1. The purpose behind timely and adequate discovery responses.

Discovery assures that there is mutual knowledge of all relevant facts gathered by both

parties which is essential to proper litigation.  Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct.

35, 392, 91 L. Ed. 451, 460 (1947).  In explaining the purpose behind discovery, the court in In

Re E.I. Du Pont v. De Nemours and Co., 918 F.Supp. 1524 (N.D. Ga. 1995) stated:

> The obvious and overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.
>
> …A litigant should not be allowed to play games with the court by concealing, denying, or giving an evasive answer to what he knows to be true.
>
> …In some types of litigation the motivation to resist discovery is so great that offenders will not comply with discovery unless they know in advance that the cost of "stonewalling" will be greater than the benefits. **Only by imposing harsh sanctions against a willfully deceitful and evasive litigant do the courts take the advantage out of such misbehavior and turn it into a decided disadvantage….The choice can and should be made simple and clear: Litigate in our courts honestly and by the rules, or suffer the consequences. The public expects and deserves no less if confidence in our judicial system is to be preserved, as it must be.**

Id. at 1542-1543 (internal citations omitted and emphasis added).

### 2. Plaintiff Samson's untimely damage claims should be excluded.

The Court should exclude attorneys' fees evidence disclosed in Plaintiff Samson's

untimely discovery supplement as well as his fee application (Doc #1094). The Federal Rules

5

require parties to make mandatory disclosures under Rules 26(a) and 26(e)(1), F.R.Civ.P. Specifically, Rule 26(e)(1) provides that:

> A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

The appropriate remedy for failure to comply with Rule 26(e)(1) is exclusion. See F.R.Civ.P., Rule 37(c) (unless there is a substantial justification, a party who fails to disclose information under Rule 26(e)(1), "is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or in a motion any witness or information not so disclosed"); see also Resolution Trust Corp. v. Hidden Ponds Phase IV Dev. Assocs., 873 F.Supp. 799, 807 (E.D.N.Y. 1995) (noting that Rule 37(c) exclusion did not apply in that case because plaintiff did not try to use documents to support summary judgment).

Here, the supplemental disclosure must be excluded because it is neither "harmless" nor "substantially justified." See F.R.Civ.P., Rule 37(c)(1). Because discovery has closed, Cincinnati has not had an opportunity to examine or depose witnesses about the new disclosures of these attorneys' fees and costs. Instead, Cincinnati is severely prejudiced by allowing Plaintiff Samson to claim attorneys' fees and costs incurred in defense of Proof of Claim 46 as damages since he has repeatedly asserted that he was not going to claim them, and his counsel stipulated to that fact.

There is no justification for Plaintiff Samson changing his mind, making a claim for these defense costs as damages at this state in the proceedings, and providing a late supplemental disclosure. See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994) (the burden of establishing a substantial justification is on the party being sanctioned for a discovery abuse).

6

Indeed, Plaintiff Samson has offered no justification at all for his "about face" on the issue of these defense costs. As a result, the damages he claims in his supplemental discovery must be excluded.

## C. Evasive, non-responsive discovery answers should preclude evidence at trial.

### 1. Discovery responses by reference amounts to evasive, non-responsive conduct.

In responding to interrogatories, the practice of incorporating responses by reference amounts to evasive, non-responsive conduct. <u>See</u> <u>Simonsen v. Allstate</u>, 31 M.F.R. 154, 158 (D. Mont. 2003); <u>see also</u> Order, <u>Upper Missouri G&T Electric Cooperative, Inc. v. West Plains Electric Cooperative, Inc.</u>, Cause No. CV 03-129-BLG-RWA, at p. 2 attached as Exhibit "E" (the "Order"). The same is true with respect to responding to requests for documents. <u>Simonsen</u> at <u>id</u>. If specific documentation is requested in the discovery requests, then incorporating other responses by reference is evasive, nonresponsive conduct. <u>Id</u>. In effect, each request must be responded to separately with answers that are complete in themselves without reference to any other responses. <u>Id</u>. Also, a discovery response that both objects and answers the same manner is confusing and evasive and the objection will be deemed waived. <u>Upper Missouri</u> at <u>id</u>.

### 2. Plaintiff Richardson's evidence of attorneys' fees damages should be precluded.

In this case, Plaintiff Richardson has violated the requirements for clear and non-evasive discovery responses. Not only does Plaintiff Richardson answer discovery requests by incorporating responses by reference, but those references do not answer the requests in a non-evasive way. Instead, Plaintiff Richardson refers Cincinnati to the entirety of the bankruptcy record and every filed fee application without specifying which part of any particular fee application identifies the attorneys' fees and costs that Richardson seeks to recover in this case.

7

To this date, Richardson has not supplemented his discovery response with such information. Such responses by Plaintiff are evasive, non-responsive conduct which the Rules and this Court should not condone.

### 3. Plaintiff Richardson should be barred from positing testimony, documents or argument regarding his claim for attorney fees and costs.

To be admissible, evidence must be relevant. FRE Rules 401, 402. Evidence can also be excluded if it is prejudicial or a waste of the Court's time. FRE Rule 403.

Evidence regarding Richardson's attorney fee claim must be excluded because it is not relevant, as such fees are not recoverable by Richardson as a matter of law. Richardson seeks recovery in this litigation of the fees and costs that were expended during the YCW bankruptcy to defend, pursue, and try to recuperate assets for the estate. These fees and costs do not relate solely to the prosecution of the YCW Trustee's contingent breach of fiduciary duty claim against the Edra's Estate for failure to record the options and rights of use. In his second supplemental interrogatory answers served on September 14, 2011, Richardson states the fees and costs were incurred because Edra did not record the options and rights and use – which is not how Mr. Garden has described them. (Ex. "F", Richardson's Response to Interrogatory No. 10 and Ex. C thereto; Ex. "D" Richardson's Response to Cincinnati's Second Interrogatories, No. 19-20) Thus, Richardson seeks the recovery of fees and costs he incurred in the administration of the YCW estate and in the prosecution of the YCW Estate's claims against all parties, not just Edra Blixseth, as well as the recovery from Cincinnati of the fees and costs he claims to have sustained due to Edra Blixseth's alleged wrongdoing. Richardson also seeks recovery of the attorneys' fees and costs he incurred in bringing this litigation.

The Montana Supreme Court has held that attorneys' fees and costs are not awardable to the YCW Trustee, the third party claimant, as damages for its common law bad faith action and

for its UTPA action. *Jacobsen v. Allstate ins. Co.*, 2009 MT 248, 351 Mont. 464, 215 P.3d 649, 656 (Mont. 2009); *Sampson v. National Farmers Union Property and Cas. Co.*, 2006 MT 241, 333 Mont. 541, 144 P.3d 797 (Mont. 2006). Moreover, the fees and costs incurred by the YCW Trustee to defend, pursue, and try to recuperate assets for the estate, and arising from Edra Blixseth's alleged failure to record YCW's options and rights of use are also not recoverable as a matter of law. *Sampson*, 2006 MT at P22; *Jacobsen*, 2009 MT at P18-21.

YCW's attorney fees and costs are not recoverable in any respect, including for any alleged breach of the duty to defend, under the "insurance exception". The insurance exception arises where an insurer breaches its duty to defend or indemnify the insured, forcing the insured "to assume the burden of legal action to obtain the full benefit of the insurance contract". *Id.* at P22, citing *Mountain West Farm Bureau Mut. Ins. C. v. Brewer*, 2003 MT 98, P. 36, 315 Mont. 231, 69 P.3d 652 (Mont. 2003). In *Mountain West*, the Montana Supreme Court refused to extend the insurance exception to third-party claimants, as an insurer does not have a fiduciary duty to a third party claimant because he was not a party to the insurance contract. Therefore, Richardson cannot, as matter of law, recover attorney fees he incurred in bringing this litigation against Cincinnati.

Because the attorneys' fees and costs sought by Plaintiff Richardson are not recoverable as a matter of law, Richardson should be precluded from introducing any evidence or making any argument regarding those fees and costs pursuant to FRE Rules 401 402 as that evidence is not relevant. Moreover, such evidence should be excluded pursuant to FRE Rule 403 as prejudicial and a waste of this Court's time.

### III. CONCLUSION

Based on the foregoing, Cincinnati respectfully requests that this Court (i) Strike Doct.

9

106-1; (ii) preclude the introduction of Doct. 106-1 into evidence; (iii) preclude the introduction into evidence, testimony and argument relating to attorneys' fees and costs allegedly incurred by plaintiff Samson in defense of Proof of Claim 46 or that Samson incurred attorneys' fees and costs in defense of Proof of Claim 46 or sustained any damage in that respect; (iv) preclude the introduction into evidence, testimony regarding and argument regarding the attorney fee statements (Doc # 1094) with respect to fees and costs alleged to have been incurred in defense of Proof of Claim 46; (v) preclude the introduction into evidence or any argument with respect to any claim for the recovery of attorney fees alleged to have been incurred by Richardson.

DATED this 1 day of November, 2011.

By: /s/ Eric E. Nord
　　　Eric E. Nord
　　　Harlan B. Krogh
　　　Crist, Krogh & Nord, LLC
　　　2708 First Avenue North, Suite 300
　　　Billings, MT 59101

By:　/s/ Nancy Tordai
　　　Peters & Nye LLP
　　　14 Executive Court, Suite 2
　　　South Barrington, IL  60010

*Attorneys for The Cincinnati Insurance Company*

10

## CERTIFICATE OF SERVICE

I, the undersigned certify under penalty of perjury that a copy of the within and foregoing was served electronically by ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition, service by mailing a true and correct copy, first class mail postage prepaid was made to the following persons/entities who are not ECF registered users:

None.

/s/ Eric E. Nord
Eric E. Nord

11