# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re | |
| **EDRA D BLIXSETH**, | Case No. **09-60452-7** |
| Debtor. | |
| **RICHARD SAMSON** and **ROSS P RICHARDSON**, | |
| Plaintiffs. | |
| -vs- | Adv No. **11-00014** |
| **CINCINNATI INSURANCE COMPANY**, | |
| Defendant. | |

## ORDER
## and BILL of COSTS

At Butte in said District this 17th day of July, 2012.

Following entry of Judgment in favor of the Defendant on March 12, 2012[1], Defendant filed an Application for Taxation of Costs on March 19, 2012, seeking an award of costs against the Plaintiffs in the amount of $34,638.89. Plaintiffs do not object to $171 of the requested costs, but object to the remaining costs arguing "courts may tax only those costs defined in 28 U.S.C. § 1920." The parties waived any hearing and agreed to submit the matter to the Clerk of Court on the pleadings of record. In a Bill of Costs entered April 19, 2012, the Clerk of Court declined to

---

[1] The Court's Judgment in favor of Defendant is currently on appeal to the United States District Court for the District of Montana.

1

award any costs and give the parties the opportunity to have the matter reviewed by the Court.

Defendant filed its request for review on April 19, 2012, to which Plaintiffs responded. After due notice, a telephonic hearing was held June 26, 2012. Plaintiffs were represented at the hearing by David B. Cotner and Joslin E. Monahan of Missoula, Montana, and the Defendant was represented by Nancy K. Tordai of South Barrington, Illinois and Eric E. Nord of Billings, Montana.

> F.R.B.P. 7054(b), which is patterned after FED.R.CIV.P. 54(d)(1), reads:
>
> The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court.

As recognized by the Bankruptcy Appellate Panel, "[a]lthough Fed.R.Civ.P. 54(d) appears to be more mandatory in nature than Bankruptcy Rule 7054(b), the Ninth Circuit has consistently recognized that the trial court has discretion as to what costs to allow[.]" *In re Aviva Gelato, Inc.*, 94 B.R. 622 (9th Cir. BAP 1988), *aff'd*, 930 F.2d 26 (9th Cir. 1991).

The costs requested in this case fall into nine categories: (1) *pro hac vice* fees; (2) fees for service of summons and subpoenas; (3) subpoenaed witness fees; (4) witnesses fees; (5) court reporter fees; (6) fees for exemplification and copies of documents; (7) fees and disbursements for printing; (8) docket fees; and (9) expert witness fees. Plaintiffs do not oppose the fees for serving summons and subpoenas of $151.00 or the docket fees of $20.00, which leaves only seven categories of fees at issue. The Court will address the seven categories of fees in seriatim.

1. *Pro Hac Vice* Fees

Defendant seeks costs of $750.00 for *pro hac vice* fees paid not only in this Adversary Proceeding, but also those paid in Edra Blixseth's main bankruptcy case, as well as those paid in

the Yellowstone Club World, LLC Chapter 7 bankruptcy proceeding.  The *pro hac vice* fees at issue were paid for attorney Nancy K. Tordai to appear in Debtor's main bankruptcy case and in Yellowstone Club World's bankruptcy case on February 1, 2011, and in this Adversary Proceeding, which was commenced on February 15, 2011.

Debtor's bankruptcy case is related to several other bankruptcy cases commenced in this District, namely, Yellowstone Club World LLC, Matthew Crocker, Yellowstone Mountain Club LLC, Yellowstone Development LLC, Yellowstone Club Construction Company LLC, Big Sky Ridge LLC, BLX Group, Inc., and Big Springs Realty LLC.  Numerous attorneys throughout the State of Montana are involved in some aspect of the aforementioned bankruptcy cases.  Because the number of attorneys in Montana who practice in the bankruptcy arena is fairly small, several parties have retained out-of-state counsel.  Under such circumstances, the Court concludes that taxable costs may include *pro hac vice* admission fees.  *See e.g. Craftsmen Louisiana, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir.2009) ("*pro hac vice* fees are recoverable as fees of the clerk under § 1920.")  In this case, the Court agrees with Defendant that the *pro hac vice* admission fee of $250.00 paid for Nancy Tordai to appear in this Adversary Proceeding is a taxable cost. Defendant, however, has failed to show that the remaining *pro hac vice* admission fees of $500.00 are costs associated with defending this Adversary Proceeding.

2.  Subpoenaed Witness Fees

Plaintiffs do not specifically object or consent to Defendant's request of costs in the amount of $30.00 for subpoenaed witness fees.  Thus, such fees are approved.  *See e.g., Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F.Supp. 415, 417 (N.D.Tex.1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case.")

3.  Witness Fees

Plaintiffs object to Defendant's requested costs of $2,777.32 pertaining to Victor Peters and Robert Phillips.  Plaintiffs argue Victor Peters is an admitted attorney with Nancy Tordai's firm who represents Defendant, and who was Defendant's 30(b)(6) representative.  Plaintiffs argue neither Rule 54 nor § 1920 authorize costs associated with Victor Peters.  Similarly, Plaintiffs argue that to the extent Defendant contends Victor Peters was an expert, his costs are not taxable on that ground either.

Plaintiffs also object to the subsistence, mileage and hotel fees billed to Defendant by Robert Phillips.  Plaintiffs argue Robert Phillips testified in Missoula, Montana, where he resides and, therefore, Defendant has not demonstrated the necessity of Robert Phillips' subsistence, mileage, or hotel costs.

Defendant counters that Victor Peters was not counsel of record in this case, did not file an appearance on behalf of Defendant in this case, and did not try this case.  Indeed, Victor Peters was identified as a witness and testified as such at trial.  While an attorney's fees and any associated travel expenses are not permitted costs, the Court finds Victor Peters' role in this Adversary Proceeding was as witness, not counsel.

Also, the Court originally contemplated that trial would take two days and scheduled trial accordingly for December 1 and 2, 2011, in Butte.  Trial was indeed held December 1 and 2, 2011, in Butte.  However, trial did not conclude as expected and because of other scheduling conflicts, trial could not resume until December 12, 2011, in Missoula.  Victor Peters testified all three days of trial.  Robert Phillips was present in Butte during the first two days of trial, but because the trial took longer than anticipated, he did not testify until December 12, 2011, in Missoula.  Because the first two days of trial were held in Butte, the Court finds no merit in Plaintiffs' argument that

4

because Robert Phillips ultimately testified in Missoula that Defendant has not demonstrated the necessity of Robert Phillips' subsistence, mileage, or hotel costs. The witness fees of $2,777.32 are allowed.

### 4. Court Reporter Fees

On the topic of deposition transcripts, one court explains:

> Our cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. *Id*. (citing *Furr*, 824 F.2d at 1550). This standard recognizes that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial." *Id*.

> Thus, we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. *Id*. We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." *Id*.; *see also Allison v. Bank One–Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002) (recognizing that as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved"). The standard is one of reasonableness. *See Mitchell*, 218 F.3d at 1204. If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs." *Callicrate*, 139 F.3d at 1339.

All matters considered, the Court will allow the deposition transcript fees for Ross Richardson, Stephan Garden, Richard Samson, Michael Black, John Amsden, Edra Blixseth, and James Murray. The foregoing people were called by witnesses at trial by the Plaintiff, and it was reasonable for Defendant to depose such persons in preparation for trial. The Court is perplexed by the costs requested for Victor Peters and Connie Hennigan, who Defendant could have interviewed at any time. The Court is similarly not persuaded that Gary Deschenes deposition transcript was necessary and Defendant has not demonstrated a need for Debtor's deposition fee, particularly on two separate occasions, when she was apparently deposed only once. $1,715.05 of

5

the requested deposition costs are disallowed.

Defendant also requests $4,467.00 for obtaining the trial transcripts from December 1 and 2, 2011. The Court fails to see how those transcripts were necessary for prosecution of this Adversary Proceeding. They appear to be more in the nature of a mere convenience for counsel in preparation of proposed findings of fact and conclusions of law. The trial transcript fees of $4,467.00 are not allowed as a cost.

5. All Other Fees

The fees for exemplification and copying of documents, for disbursements for printing and for expert witness fees are allowed for the reasons articulated in Defendant's Response filed April 3, 2012, at docket entry no. 213. For the reasons stated herein,

IT IS ORDERED that Defendant's Motion for Review of Clerk's Bill of Costs filed April 19, 2012, is GRANTED; Defendant's Application for Taxation of Costs filed March 20, 2012, is approved in part and denied in part; and Defendant Cincinnati Insurance Company is awarded costs in the amount of $27,956.84.

BY THE COURT

_____
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

6